```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

PAWTUXET VALLEY PRESCRIPTION &      :   BK No: 07-11767
SURGICAL CENTER, INC.                       Chapter 11
          Debtor
- - - - - - - - - - - - - - - - - -x
```

### ORDER

Before the Court is Pawtuxet Valley Prescription & Surgical Center, Inc.'s ("PVP") post confirmation Motion for Authority to Obtain Credit ("the Motion"), and the parties' response to the Court's sua sponte Order to Show Cause ("OTSC") why the Motion should not be denied as moot. Because the relief sought by the Debtor is inconsistent with the provisions of the recently confirmed Plan, and for the reasons argued by Bank Rhode Island ("the Bank") in its response to the OTSC, which is adopted and incorporated herein by reference (Doc. No. 298), the Motion is DENIED.

As for the merits of the Motion, PVP has not satisfied its burden as to whether the Bank unreasonably withheld its consent to subordinate its lien on the receivables generated by the sale of Synagis, a flu vaccine for infants. PVP argues that the ability to market Synagis is important to a successful reorganization, that the manufacturer, H.D. Smith, is unwilling to ship the product without a first lien on receivables from sales, and that there is no other available source for the drug. A major problem with PVP's request, however, is that Alan Carey (PVP's chosen workout

BK No. 07-1167

specialist) testified shortly after last year's flu season that Synagis was not a profitable item and that sales of the drug generated barely enough cash to cover what was owed the manufacturer. PVP has offered no reason to give PVP a pass on Carey's testimony, nor one to find that the Bank's refusal to subordinate its lien was arbitrary or unreasonable.[1] Carey's opinion that although Synagis generates high cash flow, it is not profitable, easily supports the Bank's refusal to subordinate. Add to this, PVP's negative financial performance throughout the pendency of the case, and there is no basis upon which to grant the relief sought.

While the Court has been relentlessly overdosed on the rhetoric and bombast of the secured creditor ever since this case was filed, PVP's consistent failure to meet its own projections, and its refusal to even temporarily reduce top management salaries during hard times, signals clearly that enough is enough. In short, notwithstanding its past practice of forcing premature and hyperactive litigation, the Bank's present position has at last intersected with a finding that withholding consent to subordinate

---

[1] PVP did offer two exhibits to support its position. Exhibit 1 is a table of Synagis sales "Operating Margins" that contains nothing to validate the conclusory numbers. Exhibit 2, a table of Synagis intake comparisons, shows that PVP's estimated Synagis sales for the 2008 flu season will not be demonstrably better than they were in 2007.

BK No. 07-1167

its lien on receivables from Synagis sales is not unreasonable today. Accordingly, PVP's Motion is DENIED.

Dated at Providence, Rhode Island, this   22nd   day of October, 2008.

*Arthur N. Votolato* (signature)

Arthur N. Votolato
U.S. Bankruptcy Court

Entered on docket: 10/22/08